**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00421-CV**
_____

**IN THE INTEREST OF L.P. AND D.P.**

On Appeal from the County Court at Law No. 3
Montgomery County, Texas
Trial Cause No. 18-09-11813-CV

**ORDER**

D.P., the Father of *Tara* and *Jason*,[1] appeals from an order terminating his parental rights. In the trial court, Father had the benefit of being represented by retained counsel. When Father filed his notice of appeal with the District Clerk, he moved to have the trial court find him indigent for the purposes of his appeal. Father also attached a form to his motion, which is titled "Statement of Inability to Afford

---

[1] To protect the identity of the children who are the subject of the suit, we use pseudonyms for the names of all family members discussed in the opinion whose rights were affected by the order that is the subject of the appeal.

1

Payment of Court Costs or an Appeal Bond."[2] In the hearing on his motion, Father advised the trial court that because he was indigent and had recently lost his job, he wanted the court to appoint an attorney to represent him in his appeal. Father is the only witness who testified in the hearing. At the conclusion of the hearing, the trial court denied Father's request, finding Father "makes too much money. He is employable. He can work. He . . . just bought a vehicle yesterday. . . . That's not indigency."

It's not clear from the record of the hearing that the trial court considered the statement Father filed to support his motion. That said, the record also shows that Father swore to the truth of the statements he made in the declaration, which set out the details pertinent to his assets, expenses, and liabilities. Father's statement shows that on the date he signed the statement, November 12, 2019, he had (1) $163 in assets and $9,800 in liabilities, (2) earned wages of $2,200 per month, (3) had expenses of $2,537 per month, (4) did not receive need-based public benefits, and (5) was not represented in the case by legal aid.

Father swore during the hearing that he lost his job about a week before the hearing and had purchased a truck for $500 the day before the hearing occurred. No additional evidence was developed during the hearing regarding Father's current

[2] *See* Tex. R. Civ. P. 145.

2

financial condition and none of the evidence shows the information Father provided in his sworn statement about his finances is false. Based on this record, the trial court found Father not to be indigent. We note the trial court's order contains no findings explaining why the court found Father could pay costs, even though detailed findings are expressly required by the Texas Rules of Civil Procedure when the trial court denies a party's claim alleging indigence.[3]

In his appellate brief, which Father filed *pro se*, Father raises two issues. He argues the trial court erred (1) by failing to require that his lawyer appear and represent him in two status hearings conducted during the proceedings that resulted in the termination of his parental rights, and (2) by denying his request for a free record and for appointed counsel to represent him in his appeal.[4]

In cases involving the termination of an indigent parent's rights, a parent who is indigent is entitled to appointed counsel to appeal the trial court's ruling based on a showing of indigence.[5] While Father had the benefit of being represented by the counsel he retained in the trial of his termination case, Father suggests in his appeal

---

[3] *Id.*

[4] While Father failed to challenge the trial court's order denying his request for a free record within ten days of the date the trial court signed the order, he has complained about the ruling in his brief. *See* Tex. R. Civ. P. 145(g) (providing that a party may challenge an order denying indigence by motion, and if challenged in that manner, must filed the motion within ten days of the trial court's order).

[5] *See* Tex. Fam. Code Ann. § 107.013.

that the first lawyer Father retained abandoned his duties to Father because the attorney failed to appear in a status hearing that occurred in October 2018, filed a motion to withdraw in January 2019, on which the trial court never ruled, and failed to appear at a status hearing that occurred in May 2019. Father appeared without the lawyer at these hearings, and we do not have a reporter's record from the hearings to show what occurred.

That said, the evidence in the indigency hearing established Father cannot retain counsel or pay for a record that is required given the nature of this case to pursue an appeal. Even if the trial court could have inferred from the evidence in the indigency hearing that Father's truck is worth $500, the truck when added to the value of the property Father's sworn statement shows he owns established Father had less than $700 in property on the date the trial court denied his request to find Father to be indigent. While the evidence before the trial court also shows Father *had* a job that allowed him to earn $2,200 monthly, nothing in the record contradicts Father's testimony claiming he lost that job and is currently unemployed. While the trial court noted during the hearing that Father is able-bodied, none of the evidence supports the inference that Father was either intentionally unemployed or that he could immediately secure employment earning wages exceeding his total monthly expenses of $2,537 per month. There is no evidence in the record showing that

Father's sworn statement setting out his monthly expenses is not credible or that the expenses are unreasonable.

For the reasons explained above, we conclude the record in the trial court establishes Father is indigent and therefore eligible for a free record and appointed counsel in his appeal. We further conclude the trial court's error "probably prevented the appellant from properly presenting the case to the court of appeals."[6] To correct the error, we direct the trial court to correct its order.[7]

Accordingly, we ORDER the appeal abated and remand the case to the trial court. We instruct the trial court to issue an order appointing Father counsel and ordering that Father have the benefit of a free record to supplement the records filed by the Department already to support the issues Father, with benefit of counsel, decides to raise in his appeal.[8] The appeal will be reinstated without further order when the supplemental clerk's and court reporter's records are filed. The trial court shall order the supplemental reporter's record to include the pre-trial hearings and the trial, and to be filed with the Court of Appeals by June 4, 2020. The brief of the appellant is due twenty days after the supplemental records have been filed.

---

[6] Tex. R. App. P. 44.1(a)(2).
[7] *See* Tex. R. App. P. 44.4.
[8] *See* Tex. Fam. Code Ann. § 107.013; Tex. R. Civ. P. 145.

ORDER ENTERED April 3, 2020.

PER CURIAM

Before McKeithen, C.J., Kreger, and Horton, JJ.